## GEORGE HILTON *vs.* ANDREW BURLEY.

In assumpsit on an account annexed for liquor sold by retail to a "townsman," though the defendant plead the general issue; yet the plaintiff cannot, under our statute of June 14th, 1791, recover more than twenty shillings.

An item, also, "for rent," without some description of the premises and the length of the occupation, cannot be recovered. Nor can a general credit on such an account be applied, at the trial. exclusively to the payment of the liquor over twenty shillings in value, or to the payment of the rent.

When a debtor makes a payment, without directing to what claim it shall be applied, the various rules, which govern the application.

THIS was assumpsit on an account annexed for $81 17; many items in which were for spirit sold in small quantities to the defendant, and one item was "for rent." A general credit was given for $20.

At the trial here in September, A. D. 1819, on the general issue, the plaintiff and defendant being inhabitants of the same town, and the former an inn-keeper, an objection was made to a recovery of more than 20 shillings for the spirit, and of any thing for rent. On the contrary, the plaintiff contended, that if this objection prevailed to any extent, the general credit ought to be applied exclusively to the items against which it prevailed; and thereupon a verdict was

Hilton
*vs.*
Burley.

taken by consent for the plaintiff, subject to be amended, according to the future opinion of the court upon the above points.

*Tenney*, counsel for the plaintiff.

*Tilton*, for the defendant.

WOODBURY, J. Our statute of June 14th, 1791, provides, " that no taverner shall be entitled to recover more than " twenty shillings on any account for spirituous liquors, sold " to any inhabitant of the town or place, and drank in such " taverner's house ; notwithstanding such taverner may, on " the trial, prove the sale and delivery of spirituous liquors " to more than that value and amount."(1)

(1) 1 N. H. Laws 375.

It was admitted, that a portion of the items in the account annexed was for liquor so " sold" and " drank" ; but the plaintiff, in answer to this objection, insisted, that the statute should have been specially pleaded in bar to those items.

The object of the statute was undoubtedly to check intemperance, the fruitful parent of much of the sin, wretchedness and crime, which afflict mankind ; and to promote a change, " so devoutly to be wished," we are inclined to give the statute a most liberal construction. But being a penal statute, we cannot travel beyond the letter, though it is still in our power, within the letter, to enforce its spirit.(2) It should not be forgotten, however, that we do this from motives of public policy, and not to screen from liability the sordid tipler, who adds to the disgrace of drunkenness, the meanness of indulging it at the expense of his neighbor.

(2) Fairbanks *vs.* Antrim, ante.

The language of the statute seems to be imperative, that on any " trial," where the action is on an " account for " spirituous liquors,'* &c. that the plaintiff, whatever may be the pleadings, shall not " recover more than twenty " shillings" for the liquor so sold.

It is as convenient, also, to admit the defence under the general issue as under a special plea ; and under such an issue it is customary to permit a defendant to object to an illegality in any part of the consideration claimed, whether such illegality arise from a statute or otherwise. 3 *Taunt.* 226, *Scott vs. Gilmore.*—1 *East* 352.—3 *D. & E.* 454.—

Doug. 106.—1 Chitt. Pl. 471, 486.—1 John. 124.—5 Mass. Rep. 293.

The second objection, on the part of the defendant, is to the charge " for rent"; and though we are satisfied, that this charge cannot be supported by the books and oath of the party, (as charges in accounts annexed generally may be,) because abundant other testimony of use and occupation must exist, yet it does not follow thereupon, that the charge is improper in an account annexed.

The subject matter of an action of trover is sometimes included, in our practice, in a schedule annexed; and though it may be somewhat untechnical to do it, or to enter on a book account,(1) and annex to the writ what is not the subject of proof by the book and oath of the party; yet we apprehend that in this last case, without deciding on the first one, the declaration is still as good as it would be, if the writing annexed was copied into the body of the declaration.(2)

(1) 2 Mass. Rep. 398, note.

Here, however, the declaration would be too general if the words, " for rent," had been so copied. There ought at least to be added some description of the premises, or of the length and terms of the occupation.(3) Or if these might with safety be omitted in a general count for rent or for use and occupation, that count ought to be distinct and separate, so that the defendant might call for a bill of particulars.(4) But the mode of declaring specially for rent is always to be encouraged; because it gives more perfect notice to the defendant, and because the right to rent depends so much on a special contract, that the title of the landlord at the time of the entry of the tenant cannot be contested; (1 Es. Ca. 57.—2 Hen. Bl. 319.—5 Taunt.—6 John. 46.—13 ditto 240, 489.—15 ditto 508.—14 Mass. Rep. 96) unless the tenant has since been ousted by a paramount title. 3 D. & E. 441.—5 Wheat. 224, note.—15 Mass. Rep. 268.

(2) 13 Mass. Rep. 285.—Amer. Precedents 100.

(3) 13 John. 485.

(4) 2 Chitt. Pl. 9.—6 East 352.—3 Maul. & Selw. 380.

It is next to be considered, whether the plaintiff can, at a trial, appropriate a general credit to particular items, which, on account of their illegality and informality, are rejected.

<div style="margin-left:margin">Hilton<br>
*vs.*<br>
Burley.</div>

The general principle is undoubted, that, when a payment is made and no direction is given by the debtor, the creditor may appropriate it to any legal demand then due him from the debtor.   2 *Strange* 1194.—5 *Coke* 117.—3 *ditto* 114.—*Cro. Eliz.* 68.—2 *Pier. Wms.* 308.—1 *Taunt.* 564. 4 *Cranch* 317.—7 *ditto* 574.

But when no express appropriation is made by the creditor or debtor, the court, at the trial, if more than one debt exists, should direct the payment to be applied to the debt not secured, if one of them be secured ; (6 *Cran.* 8, 10.— 1 *Mason* 324.—2 *Maul. & Selw.* 18, *Kirby et al. vs. Marlboro' et al.*—5 *Taunt.* 596) or to the debt due in the creditor's own right, if one be due in the right of another ;(1) or to the debt first incurred ;(2) or to the debt, which, under all the circumstances, (such as similarity in the amount, character or origin of the payment,) appears to have been intended by the debtor.   11 *Mass. Rep.* 300.—5 *Taunt.* 596, *Peters vs. Anderson.*

In the case of *Bosanquet et al. vs. Wray et al.*, (6 *Taunt.* 597,) the court mention as a second reason for an appropriation of a payment to the oldest debt, that it was there only an *equitable* claim, but the other debt, a legal one.

On that principle, coupled with the absence of any circumstance in this payment to indicate, to which part of the account it ought to be appropriated, I should now be inclined to permit the creditor to make the appropriation requested, or at least to make an appropriation of the payment to the oldest charges, had he not already, by a general credit, applied the payment to the whole of the account. In such case the uniform practice has been to deduct the credit from such part of the account as can be recovered in the suit then pending ; and though, upon strict principles, the accuracy of this practice may be questionable, yet any different mode of calculation would make so small a difference in the present case, it is not now expedient to pursue the investigation of the subject, with a view to revise the practice.

<div style="margin-left:margin">(1) 12 Mass.<br>
Rep. 321.<br>
(2) 2 Maul. &<br>
Selw. 18.*</div>

---

6 *Taunt.* 597.—2 *Barn. & Ald.* 47.—1 *Merivale* 572, cited.

After an amendment of the verdict in conformity to these suggestions, let there be

*Judgment for the plaintiff.*