## THOMAS TRUEMAN *versus* JOSEPH TILDEN.

Executors and administrators are liable, as such, for the funeral expenses of the deceased.

But they are not personally liable for such expenses, unless they originally become responsible for them.

Where an administrator charged the price of a coffin in his administration account and had it allowed to him by the judge of probate, this was held to be evidence of an admission by him that he was personally liable for the price.

THIS was an action of assumpsit for the price of a coffin, and was tried here, upon the general issue, at May term, 1832 ; when it appeared, that, upon the decease of Joseph Tilden, the father of the defendant, Joel Tilden, applied to the plaintiff to make the coffin, but said nothing about the payment, or the price ; that the plaintiff made, and delivered the coffin ; and that the defendant was afterwards duly appointed administrator of the estate of the deceased and discharged the trust. The plaintiff introduced evidence tending to prove that the defendant, at the time of the delivery, assumed the debt and agreed to pay for the coffin. It also appeared that the defendant was allowed, in his administration account, $16, as paid for a coffin for the deceased.

The court instructed the jury, that, if they believed that the defendant, at the time of the delivery, or before, assumed the responsibility of paying for the coffin, he was liable to pay and the plaintiff entitled to a verdict.— But unless they were so satisfied their verdict must be for the defendant, the defendant not being otherwise personally liable.

The jury found for the defendant, and the plaintiff moved the court for a new trial on the ground that the jury was misdirected.

*Bell*, for the plaintiff. The funeral expenses are clearly a charge upon the estate. They are made so by statute. They are to be paid before any debt due from the deceased. 1 Laws, 359 ; Toller, 191 ; 1 Salkeld, 296, *Shelley's case*.

*I. Bartlett*, for the defendant. It is not denied that funeral expenses are a charge upon the estate, or that the defendant may be liable, as administrator. But this is an attempt to charge the defendant personally.

*Bell*, in reply. The defendant is personally liable by reason of his being administrator ; not for a debt of the intestate, but for after charges. It is like a debt decreed to be paid by the judge of probate in the case of an insolvent estate.

RICHARDSON, C. J. delivered the opinion of the court.

There is no doubt, that the funeral expenses are a charge upon the estate of a deceased person. 4 Burns' E. Law. 289 ; Wentworth, 129,172 & 292 ; 2 Bl. Com. 508 ; Lovelass, 51 ; Godolphin, 204 ; 1 Barn. and Adolphus, 260, *Hancock* v. *Podmore* ; Buller's N. P. 143.

There are cases, in which an executor, or administrator, may sue either in his own name or as executor or administrator. 14 Mass. Rep. 327, *Mowry* v. *Adams* ; 9 Pick. 432, *Williams* v. *Moore* ; 1 B. & C. 150, *Cutherwood* v. *Chabaud* ; 3 East, 109 ; 1 D & E. 489.

There are cases where an administrator may be liable, as such, although no demand ever existed against the intestate ; as in cases where money has been paid by a surety, after the decease of the principal. 17 Mass. Rep. 464, *Batchelder* v. *Fisk*.

It is not to be doubted that an administrator is liable for all reasonable and necessary funeral expenses.— The law, which allows him to retain assetts for the purpose, makes him liable to pay.

But, notwithstanding he may be liable as administrator, he may be still personally liable also. When any thing is furnished for the funeral, at his request, he is

liable, either as administrator, or personally, at the election of the person who has the claim.

If, in this case, when the coffin was brought to the house, the defendant had promised to pay, he must have been held to be personally liable. But the jury have found that there was no promise on the part of the defendant.

He is then liable only as administrator, unless he has so conducted as to make himself personally liable.

Whether, after the price of the coffin had been allowed to the defendant, in his administration account, by the judge of probate, the price might not have been considered as money in his hands for the use of the plaintiff so as to render him personally liable in a count for money, had and received, need not be decided, because there is no such count in this case.

We are, however, of opinion that by charging the amount in his administration account, and procuring an allowance of it by the judge of probate, he has admitted himself to be personally liable, and this admission will warrant a jury in finding a promise, by the defendant, to pay, made at the time the coffin was delivered. The estate ought not be considered as any longer liable, and he ought not to be heard to object that the action is not against him as administrator. He could not have lawfully charged the sum to the estate, unless he considered himself personally liable ; and we think that this ought to have been submitted to the jury, as evidence of a promise to pay, made when the coffin was delivered.

*Verdict set aside, and a new trial granted.*