## KIDDER *v.* NORRIS & a.

In an action against a firm, the plaintiff's books, containing charges against the several members, are not evidence of the delivery to the firm of the goods so charged.

The declaration of one of the partners to the plaintiff's servant, that it was no matter to which of them the articles were charged, since they would all be paid for, does not make such books evidence.

A creditor, receiving a partial payment, cannot apply it in payment of items for which he cannot maintain an action.

One who sues for the price of liquors sold, need not, as part of his case, prove that he has a license to sell them, but the burden of proof is on the objector.

ASSUMPSIT. The defendants were inn-keepers, and the conduct of one of them, True Norris, was such as to make him liable to the plaintiffs as a partner, though in fact he was not such.

The charges in the plaintiff's book were against " Trueworthy Norris," against " True Norris" and against " T. Norris," and the items so variously charged were posted to one account, extending over several pages in the ledger, which were variously headed, " Trueworthy Norris" and " True Norris."

It was objected that the defendants could not be jointly charged upon the evidence afforded by these entries, but must be sued severally.

It was proved that True Norris, upon inquiry made by the plaintiff's carrier, stated that it made no difference to which of the defendants the goods delivered were charged, for they would be paid for. The books were upon that evidence admitted.

Some of the charges, amounting in all to $87.66, were for spirituous liquors, and the defendants objected to their allowance, because the sale of such is prohibited by law, except in cases where it is licensed, and no evidence was offered that the plaintiffs had such license.

The plaintiffs, in their specification, credited the sum of $100 applied in payment of the liquors sold. The defendants exhibited the plaintiff's receipt for the sum, as paid " on account," and it appeared upon the plaintiff's book as a general credit, without such specific appropriation.

These facts were submitted by the auditor to whom the case was referred, and whose report exhibits a statement of results depending upon the determination of the questions arising upon the facts so submitted.

*Farley,* for the plaintiffs.

*W. C. Clarke,* for the defendants, to the point that the books of the plaintiff were improperly admitted, cited 2 Cow. & Hill's Notes 698.

It must appear that the charges are against the party to the action. 4 Rawle 404 ; 5 S. & R. 404 ; 12 S. & R. 80 ; *Woodes* v. *Dennett,* 12 N. H. Rep. 510.

The declaration of one of the defendants does not make the books evidence. He may have intended by it only a guarantee, or collateral undertaking.

The charges for liquor cannot be recovered without evidence of a license.

GILCHRIST, J. This action is brought against the defendants as partners, and a joint liability is thereby charged upon them.

The day book contains charges against each of them severally; that is, it contains charges against True Norris, Trueworthy Norris, and T. Norris, severally; and one page of the ledger is headed Trueworthy Norris, and the other True Norris.

These charges are not evidence of any sales of goods to the two jointly. They do not purport to record the delivery of goods to the two. But some of the charges are against one, and some against the other. The books must, therefore, be laid aside, as inadmissible to prove the contract declared on. The only contracts they tend to prove are entirely different.

But it is said that True Norris declared that it should make no difference to whom the charges were made; that they should be paid. Whatever effect that declaration may have in establishing his liability to pay for the things delivered, they do not make the books evidence that they were sold to the two jointly.

The plaintiff seeks to apply the $100 which he has received, and for which he has given a receipt, to the payment of the charges for liquors sold. If, by the omission of the debtor, upon paying the money, to make application of it to the payment of specific items in the account, the right to do so had devolved upon the creditor, he certainly could not so exercise it as to apply the money to the payment of a charge that the defendant was not at the time bound to pay. This very obvious principle of justice is involved in the cases, *Goddard* v. *Cox*, Strange 1194; *Sawyer* v. *Tappan*, 14 N. H. Rep. 352; *Hilton* v. *Burley*, 2 N. H. Rep. 193; although the application of the principle in the last named case was not supposed to be required.

Whether the liquors charged in the account were sold with or without a license, is not settled by direct evidence, and the question is presented as to which party in such case takes the burden of proof. Is the plaintiff, in

suing for the price of the liquors, required to prove his license as a prerequisite to the right to recover, or is the defendant, who resists the claim, bound to offer *primâ facie* evidence that the sale was illegal for want of a license ?

We have settled, upon a careful examination of the authorities, that, on the trial of an indictment for selling liquor without a license, the omission of the defendant to prove a license, or to account for its not being produced, was evidence that he had no such license, and that a jury might find for the State upon proof of the sale only.

The reasoning of some of the authorities is, that the license, if he has one, is in the custody of the defendant, and that he can produce it if he thinks fit. The selling of spirits without license is an offence. If a charge of having committed the offence be made by the authority of the State, it is no hardship upon him to establish his defence by bringing himself within the provisions of the law.

In adopting the conclusions of these authorities, so far as to sustain verdicts that have been found without any other proof of the negative averment in the indictment than has been indicated, we do not feel bound to apply the reasons assigned beyond the cases.

In the case of an indictment, the party is apprised by the record of the precise question he is to meet ; the license is a principal thing at issue, and the application of the rule that has been adopted can rarely be attended with surprise or injustice.

But this case comes before us as a new question, untrammeled by authorities ; and the inquiry is, whether one, suing to recover the price of liquors sold, must at the outset encounter the presumption that they have been illegally sold, and be prepared with proof to meet an objection that may or may not be taken ; or whether he stands in court like other plaintiffs, and with the right to

recover the value of the goods that he has sold, in the absence of evidence that he has sold them illegally. Whether the non-production of a license on the trial of a cause, of which the record does not notify to him its pertinency, can, as in the case of an indictment, be fairly made the ground of the presumption that he has no license.

It is a well settled principle that an act prohibited under a penalty cannot be the foundation of a civil right; and a sale of liquor without license, coming within that class, cannot give the seller a right to recover. That is a prohibited class, and is it the duty of the defendant to show that the plaintiff's case is one of that class, or is it the duty of the plaintiff to prove that it does not come within that class, and, in a manner, to exclude the conclusion that he has no right to recover?

The sale of liquors is not of itself unlawful, and is not distinguished in that respect from the sale of any thing else which may be made the subject of merchandise. But though not in general unlawful, the sale of liquors, like the sale of many other things, may be prosecuted in an unlawful manner, and in such a manner as will subject the vendor to prosecution, and his claim which he may found upon such sale to just legal exception.

But that circumstance has not been considered as having imposed upon parties suing for the price of commodities which might have been illegally sold, the burden of showing, as part of their case, that their sales were conducted innocently. It is sufficient that they may be required to do this, when *primâ facie* evidence is offered in support of an objection to the legality of the transaction.

There seems to be no good reason for excepting the case of the sale of liquors from the operation of that general salutary rule. And if the party who sues for the price of liquors sold is required to prove, as a part of his

case, that he did not violate the law in selling them, it might plausibly be argued that no action could be maintained for the price of a thing that was capable of being illegally sold, without first showing, by positive proof, the innocent character of the transaction.

Such a doctrine is no where held, and we do not feel justified by any authority, or by sound reason, in holding that the plaintiff must prove that he had a license, in order to recover for the price of liquors sold.

The result is, that the plaintiff is entitled to recover the sum of $115.73, which the auditor finds, without the evidence resulting from the books, adjudged to be inadmissible; and which sum includes the amount claimed for the price of the liquors, to the sale of which no objection is sustained by proof.

*Judgment on the verdict.*