## LIVERMORE v. RAND.

Where an administrator employs counsel to manage a suit pending against his intestate, at the time of his death, he becomes personally liable to pay the counsel for his services.

The mere payment of a sum of money is not evidence that an account between the parties is unsettled.

It is not evidence sufficient to take the items of the account out of the operation of the statute of limitations.

Where money is paid generally upon an account, without any appropriation, it should be applied in payment of the earliest charges in the account not barred by the statute.

After a demand of payment of the sum due upon an account, interest should be cast upon the debt from the time of the demand, in the nature of damages for its detention.

Assumpsit on an account annexed for services rendered as counsel for the defendant.

Plea, the general issue.

The action was committed to an auditor, who reported that he disallowed the whole of the plaintiff's claim, and allowed the defendant's set-off.

It appeared on the hearing, that the plaintiff had been employed by one Philip C. Rand, to commence a suit against Joseph Dodge, returnable at the September term, 1841, of the court of common pleas for this county, in the progress of which suit the services in question were rendered. Before the September term, 1842, or about that time, Rand having deceased, the defendant was appointed his administrator, and appeared and prosecuted the suit against Dodge, the plaintiff acting in it as attorney and counsel, with the knowledge and approbation and written authority of the administrator.

It did not appear that the administrator, either as such or in his private capacity, ever made any express promise to pay the plaintiff for his services.

If the court should be of opinion that the plaintiff can maintain his action for the services against the defendant without proof of a promise in his private capacity, then the auditor reported that he allowed all that part of the account which had accrued within six years previous to the date of the writ, excepting the sum of $5,59, amounting to $57,24, and which, after deducting the amount of the defendant's set-off, $52,72, leaves a balance of $4,52 due to the plaintiff.

But if the court should be of the opinion that the statute of limitations begins to run against an attorney's bill, for services in a suit pending in court from the time when the proceedings in the suit are terminated, instead of beginning to run against each item from the time when the particular service was rendered, or that a partial payment is evidence of an admission that the account is unsettled, and that such payment takes the account out of the operation of the

statute, then the auditor reported a balance of $216,73 due to the plaintiff, on which he allowed interest, amounting to the sum of $77,28, if the plaintiff is entitled to interest on an unsettled account from the time of a demand for payment. But if he is not so entitled, then the auditor allowed interest on the balance from the date of the writ.

*Cushing,* for the defendant.

I.   A portion of the account, as appears by the auditor's report, was for services rendered to Philip C. Rand, prior to his decease.   On the decease of Philip C. Rand, it was a debt in favor of the plaintiff against the estate of said Philip.

The action is brought against Robert Rand not as administrator, to recover a debt against the intestate.   There is no pretence of any implied contract by an administrator to pay a debt of his intestate out of his private property. A special contract to charge the administrator in such manner must be in writing.   Rev. Stat. ch. 180, § 8.

II.   There is no pretence of any express promise on the part of the defendant to pay the plaintiff for his services rendered after the decease of Philip C. Rand, nor that any services were rendered in that suit at the defendant's request.   The report finds that the plaintiff acted with the knowledge and authority of the administrator.   A jury might, perhaps, infer from the circumstances the request of the administrator, and perhaps the auditor might have found the same fact.   But he has not so found.   His report, as far as it goes, negatives any such idea.

The defendant, in his private capacity, had no interest in the suit, and the services of the plaintiff could not be beneficial to him, even if they were so to the estate which he represented.   In order to raise an implied promise by the defendant, in his private capacity, the services performed must have been beneficial to him in that capacity, or must have been done at his request.   In the absence of both of

these facts, no promise by the defendant can be implied. The plaintiff, if he had rendered services, as he claims to have done, to Philip C. Rand, in his life time, in the action commenced for him, would have a lien on the judgment for what might be due to him for his services. He, therefore, had plainly an interest in carrying on the suit, and he is the only person now before the court who can be said to have been benefitted by the services claimed to have been rendered. He might well find it for his interest if the administrator would authorize him to prosecute the suit for his own benefit.

III. As to the time when the statute of limitations begins to run against an attorney's bill for services, the statute of limitations begins to run at the time when the right of action accrues, and the question, therefore, reduces itself to this: " whether or not an attorney in this State, by law, is bound to give his client a credit for all services and expenses until the termination of the suit?" In the absence of any special statute regulation, the proposition that an attorney is bound to wait till the termination of the suit, before he can demand payment for his services or advances, seems to us merely ridiculous.

IV. Does a partial payment on account take the account out of the statute, so as to admit evidence to show the balance of the account, in the same manner as if the action had been brought within six years? We think the authorities in this State prove that when the admissions of the plaintiff, or facts from which such admissions may be inferred, are offered in evidence for the purpose of taking an account out of the statute, the case must be wholly made out by the admissions proved, and not by other evidence. And we further think that, by the authorities in this State, a payment on account is not evidence of an admission that anything is due, much less is it evidence of an admission that any particular sum is due, which would be necessary in order to authorize a verdict for anything more than nominal

damages. *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 124; *Eastman* v. *Walker*, 6 N. H. Rep. 367; *Kittredge* v. *Brown*, 9 N. H. Rep. 377; *Blair* v. *Drew*, 6 N. H. Rep. 235.

Further, a payment is, at all events, only evidence from which the promise may be found; but the report is cautiously worded, so as to negative the idea that the auditor finds any such fact. He simply submits the question to the court whether the payment is in law evidence from which a new promise must be found.

*Rand*, on the same side.

The defendant is not personally liable to the plaintiff for the services rendered, unless he originally promised to pay for them. *Trueman* v. *Tilden*, 6 N. H. Rep. 201; *Pillsbury* v. *Hubbard*, 10 N. H. Rep. 224.

When the administrator is obliged to prosecute the action in his representative capacity, as in this case, he is only liable in his representative capacity. 11 Johns. 403; Rev. Stat. ch. 321, §§ 12, 13; 358, § 8.

II. The provision in the Revised Statutes is, "That all personal actions shall be brought within six years after the cause of action accrued, and not afterwards." Rev. Stat. ch. 361, § 4.

If nothing appears to the contrary, the cause of action accrues upon each item in the account when the item accrues.

Nor is there any distinction in this State between an attorney's account and any other, nor any reason, as we conceive, why the court should make any.

The case of *Blair* v. *Drew*, 6 N. H. Rep. 235, seems to settle the question that items, in a mutual account, are to be treated in respect to this statute as promissory notes, dated at the date of the items, and each and every one is outlawed six years after date.

It has been repeatedly decided in this State, that in order to raise a new promise by implication from an acknowledgment, it must contain an unqualified admission of a subsist-

ing debt, which the party is liable and willing to pay; and that this court cannot hold that one item in an account has any force or effect to take other items otherwise barred out of the statute.

*Livermore, pro se.*

GILCHRIST, C. J. The administrator is liable to pay the plaintiff for his services from the time he employed him. He stands to the plaintiff in the relation of any other employer. He might have made a special contract, excluding any personal liability on his part, if he had chosen to do so. But as the case stands, there is nothing to relieve him from his liability. No other promise is necessary than that implied from the employment. *Trueman* v. *Tilden*, 6 N. H. Rep. 201. After that, the debt, as it accrued, was not the debt of the estate, but of the administrator.

A partial payment is not evidence that the account between the parties is unsettled; or, in other words, the payment of a sum of money, without more, is evidence only that the person receiving the money has a claim to that extent against the party paying it. From the mere fact of payment of a sum of money to a person who has an account against the other party, no inference can be drawn except that the party who paid it admitted that sum to be due. It cannot be regarded as a promise to pay any other item in the account. Upon this point, the case of *Blair* v. *Drew*, 6 N. H. Rep. 245, is applicable. Mr. Justice *Parker* there says it cannot " be contended that because he had proved one item of an account, it was any evidence from which a jury might infer and find other distinct and independent items. Still less would it be contended that an account proved, by the plaintiff, was an admission which furnished evidence in favor of another account of independent items offered by the defendant, or that it was of any weight to prove the defendant's account, even in connexion

with other evidence. And if it furnishes no evidence of admission in such case, it can raise no fair admission as against the statute." The learned judge also says that in the case of *Bell* v. *Morrison*, 1 Pet. 360, " Mr. Justice *Story* presents in strong terms the danger of permitting an indeterminate and casual admission of the existence of an unsettled account, without any specification of amount or balance, to take a case out of the statute, and let in evidence *aliunde* to establish any debt, however large, and at whatever distance of time."

This reasoning is applicable here. The mere payment of a sum of money is, at most, only one of those "indeterminate and casual" admissions of the existence of an unsettled account, which Mr. Justice Story considered so dangerous. It does not have the effect of taking an account out of the operation of the statute. The account of an attorney for services stands in the same position as any other account, and the statute begins to run from the time the service was rendered.

The sum of $52,72, for money paid by the defendant to the plaintiff, and constituting the set-off, should be applied in payment of the earliest charges in the account against the administrator, after his employment of the plaintiff, which are not barred by the statute. *Hilton* v. *Burley*, 2 N. H. Rep. 193; *Morse* v. *Woods*, 5 N. H. Rep. 297. Where money is paid generally, without any appropriation, he who receives it may appropriate it; and in the absence of any appropriation by either party, the earliest charges, as they are the first due, should be the first paid.

It appears from the case that at some time the plaintiff had made a demand of payment, but it is not stated when this was done. At that time, however, a certain sum was due, as we presume, but how much does not appear. That sum, whatever it was, was wrongfully detained after the demand, and it is proper that interest should be cast upon it, in the nature of damages for its detention.

The report should be re-committed to the auditor, and the account stated in conformity with this opinion.

*Report re-committed.*